MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Morris Rodgers, | ) | No. CV 1-06-1083-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Ruben Reynaga, et al., | ) | |
| Defendants. | ) | |

Plaintiff Morris Rodgers, who is confined in the Kern Valley State Prison in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court screened the Complaint, Plaintiff filed an Amended Complaint. He also filed a "Request to Secure the Just, Speedy and Inexpensive Determination of this Action to Avoid any Further Prejudice to the Plaintiff's Case" (Doc. #11).

United States Magistrate Judge Gary S. Austin issued an Order (Doc. #12) finding that Plaintiff had stated both cognizable and uncognizable claims for relief and providing Plaintiff with an opportunity either to proceed on the viable claims or file a second amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed a Second Amended Complaint (Doc. #13). This case was reassigned to the undersigned judge on November 25, 2008. The Court will deny Plaintiff's Request; dismiss without prejudice Counts Two, Four, Seven, and Eight, and Defendant Embury; and

JDDL

order the remaining Defendants to answer Counts One, Three, Five, and Six of the Second Amended Complaint.

## I.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.   Second Amended Complaint

In his eight-count Second Amended Complaint, Plaintiff sues the following Defendants: Medical Technical Assistant Carla Embury, Lieutenant F. Reynoso, and Prison Guards Ruben Reynaga, David Williams, Mario Lozano, Glen Chorley, Ryan Clare, Juan Medina, Bryan Jeanes, Christopher Rascoe, Apolinario Bangloy, and Luis Sarzi. Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights and seeks monetary damages.

In Count One, Plaintiff alleges that Defendants Reynaga, Williams, Clare, Chorley, Medina, Lozano, Jeanes, Bangloy, Rascoe, and Sarzi, prior to their "sadistic and malicious pepper spray attack," conspired to use excessive force against him. Plaintiff contends their attack served no purpose other than "to sadistically and maliciously cause [him] unnecessary injury, pain and suffering." In Count Two, Plaintiff claims the same Defendants falsely accused Plaintiff of a criminal offense "to deny [him] due process" and to deprive him of a liberty interest by having him arbitrarily re-housed in the administrative segregation unit.

In Count Three, Plaintiff asserts that Defendants Reynaga and Williams used excessive force against Plaintiff during their pepper spray attack and afterwards, when they applied handcuffs and leg restraints so tightly that they cut off Plaintiff's circulation. In Count Four, Plaintiff alleges that Defendants Reynaga, Williams, Clare, Chorley, Medina,

Lozano, Jeanes, Bangloy, Rascoe, and Sarzi conspired to fabricate a false criminal offense in order to conceal their own misconduct during the pepper spray incident.

In Count Five, Plaintiff claims Defendant Reynoso acted with deliberate indifference when he "capriciously refused to yield to [Plaintiff's] need to be decontaminated of the chemical pepper spray" and to permit Plaintiff to access an effective decontamination procedure. In Count Six, Plaintiff alleges that Defendant Reynoso acted with deliberate indifference when he purposely refused to order Plaintiff to be taken out of a holding cell to remove the pepper spray.

In Count Seven, Plaintiff claims that Defendant Embury was deliberately indifferent to Plaintiff's serious medical needs because she refused to provide Plaintiff with immediate medical treatment when Plaintiff was suffering chest pains and having difficulty breathing. In Count Eight, Plaintiff alleges that Defendant Embury conspired with Defendants Reynaga, Williams, Clare, Chorley, Medina, Lozano, Jeanes, Bangloy, Rascoe, and Sarzi to conceal Plaintiff's physical injuries by refusing to accurately and properly document Plaintiff's injuries in Defendant Embury's medical examination report.

**III.   Failure to State a Claim**

    **A.   Count Two**

In Count Two, Plaintiff claims that Defendants Reynaga, Williams, Clare, Chorley, Medina, Lozano, Jeanes, Bangloy, Rascoe, and Sarzi falsely accused Plaintiff of a criminal offense "to deny [him] due process" and to deprive him of a liberty interest by having him arbitrarily re-housed in the administrative segregation unit. In Count Four, Plaintiff alleges that the same Defendants conspired to fabricate a false criminal offense in order to conceal their own misconduct during the pepper spray incident.

First, an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). An inmate who has been falsely accused can state a constitutional claim

if the filing of the false report was done in retaliation for the exercise of his constitutional rights, see Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.1997), or the inmate is not afforded the procedural due process safeguards required by Wolff,[1] Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). Plaintiff makes no such assertion and, in fact, asserts that the charges were resolved in his favor. Thus, Plaintiff has failed to state a claim in Count Two regarding Defendants' filing of false charges against him.

Second, to the extent Plaintiff claims that placement in the administrative segregation unit pending a hearing on the allegedly false charges deprived him of a liberty interest, that claim also fails. Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). Therefore, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486).   Plaintiff's placement in administrative segregation for five months was not an atypical and significant hardship. See Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (four months in administrative segregation is not atypical and significant); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative segregation is not atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 705-708 (3d Cir. 1997) (fifteen months' administrative segregation is not atypical and significant). Thus, Plaintiff has failed to state a claim in Count Two regarding his placement in administrative segregation.

. . . .

---

[1] Wolff v. McDonnell, 418 U.S. 539 (1974).

- 4 -

Third, to state a conspiracy claim, a plaintiff must allege "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). Even if there was an agreement, Plaintiff has failed to state a claim because, as explained above, there was no deprivation of Plaintiff's constitutional rights. Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir.1989).

Plaintiff has failed to state a claim in Counts Two and Four, and, therefore, the Court will dismiss these claims.

**B.    Count Seven**

In Count Seven, Plaintiff claims that Defendant Embury was deliberately indifferent to his serious medical needs because she refused to provide Plaintiff with immediate medical treatment when Plaintiff was suffering chest pains and having difficulty breathing. A prisoner cannot make a claim for deliberate indifference to a serious medical condition based merely on a delay of treatment, unless the denial of medical attention was harmful. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997); Lavender v. Lampert, 242 F. Supp. 2d 821, 845 (D. Or. 2002). Plaintiff has failed to demonstrate that Defendant Embury's delay caused any harm, especially in light of Plaintiff's statement that another Medical Technical Assistant was present and obtained treatment for Plaintiff. Therefore, Plaintiff has failed to state a claim in Count Seven, and the Court will dismiss it.

**C.    Count Eight**

In Count Eight, Plaintiff alleges that Defendant Embury conspired with other Defendants to conceal Plaintiff's physical injuries by refusing to accurately and properly document Plaintiff's injuries in her medical examination report.

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,

1  a liberal interpretation of a civil rights complaint may not supply essential elements of the
2  claim that were not initially pled. Id. Plaintiff has presented only conclusory allegations of
3  a conspiracy in Count Eight and no specific facts to support his claim that Defendant Embury
4  entered into a conspiracy. This is insufficient. See Sprewell v. Golden State Warriors, 266
5  F.3d 979, 988 (9th Cir.) (court need not "accept as true allegations that are merely
6  conclusory, unwarranted deductions of fact, or unreasonable inferences"), amended on other
7  grounds, 275 F.3d 1187 (9th Cir. 2001); see also Woodrum, 866 F.2d at 1126 (conclusory
8  allegations of conspiracy did not support a § 1983 claim); Karim-Panahi v. Los Angeles
9  Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without
10 factual specificity is insufficient."). Therefore, the Court will dismiss Count Eight.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Counts One, Three, Five, and Six. The Court will require Defendants Reynaga, Williams, Clare, Chorley, Medina, Lozano, Jeanes, Bangloy, Rascoe, and Sarzi to answer Count One; Defendants Reynaga and Williams to answer Count Three; and Defendant Reynoso to answer Counts Five and Six.

**V.     Plaintiff's Request**

In his "Request to Secure the Just, Speedy and Inexpensive Determination of this Action," Plaintiff seeks to have the Court "consider beginning his civil action." The Court notes that Plaintiff filed the Request on June 2, 2008. Magistrate Judge Austin issued an order screening the Amended Complaint on July 17, 2008. Thus, the Court has begun the screening process. Therefore, the Court will deny the Request as moot.

The Court will also deny the portion of Plaintiff's Request challenging the California Department of Corrections and Rehabilitation's (CDCR) collection of his income to pay the statutory filing fee. The Court has reviewed Plaintiff's assertions and the documentation attached to Plaintiff's Request and finds nothing untoward about the CDCR's procedures. See Williams v. Litscher, 115 F. Supp. 2d 989, 991 (W.D. Wis. 2000) ("Congress intended prisoners to make monthly payments on their filing fees calculated at 20% . . . of the preceding month's income until the fee is paid. . . . The only way the statute's payment

requirement can be carried out is if prison officials capture 20% of the income to a prisoner's account each month so that it is available to send to the court at the appropriate time. . . . [I]nstead of having prison officials track the precise moment the prisoner's account balance exceeds $10, the captured 20% deductions are accumulated in the account until they exceed $10, at which point the prison can write a check in whatever amount over $10 it has collected and send it to the court. This results in the payment of a prisoner's federal filing fees no matter how small the prisoner's paycheck is.").

**VI.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's "Request to Secure the Just, Speedy and Inexpensive Determination of this Action" (Doc. #11) is **denied as moot** as to Plaintiff's request that the Court begin processing this case and **denied** as to Plaintiff's challenge to the California Department of Corrections and Rehabilitation's procedures for collecting payments of the filing fee.

(2) Counts Two, Four, Seven, and Eight, and Defendant Embury are **dismissed** without prejudice.

(3) Defendants Reynaga, Williams, Clare, Chorley, Medina, Lozano, Jeanes, Bangloy, Rascoe, Sarzi, and Reynoso must answer Counts One, Three, Five, and Six.

(4) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #13), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Reynaga, Williams, Clare, Chorley, Medina, Lozano, Jeanes, Bangloy, Rascoe, Sarzi, and Reynoso.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice. See Fed. R. Civ. P. 41(b).**

DATED this 8th day of January, 2009.

_____
James A. Teilborg
United States District Judge