# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Morris Rodgers, | No. CV 1-06-1083-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Ruben Reynaga, et al., | |
| Defendants. | |

Plaintiff Morris Rodgers, a prisoner housed at Kern Valley State Prison (KVSP), filed this *pro se* civil rights action under 42 U.S.C. § 1983 against various officers of the California Department of Corrections and Rehabilitation. After an initial screening order was issued (Doc. #12), Plaintiff filed a Second Amended Complaint, (Doc. #13). Following a second screening order (Doc. #15), this action proceeds on Counts One, Three, Five and Six of the Second Amended Complaint. In each of these counts, Plaintiff alleges that Defendants used excessive force against him on November 8, 2005. (*Id.* at 4.)

Defendants moved to dismiss on the ground that Plaintiff failed to exhaust his administrative grievance remedies. (Doc. #22.) The motion is fully briefed. (Doc. #28, 32.) The Court will grant Defendants' motion and dismiss the complaint, without prejudice, for failure to exhaust.

///

///

## II.   **Legal Standard**

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a § 1983 action in federal court unless he has exhausted all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfies the exhaustion requirement under PLRA. *Id.* at 1237-38.

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Therefore, the defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter in abatement raised via an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. *Id.* at 1119-20. Further, a court has broad discretion as to the method to be used in resolving any factual disputes. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted). If the court concludes that the prisoner has not exhausted California's prison

administrative process, the proper remedy is dismissal without prejudice.  *Wyatt*, 315 F.3d at 1120.

### III.    Parties Contentions

Defendants contend that Plaintiff's claims should be dismissed because Plaintiff did not properly exhaust his administrative remedies before filing suit.  Defendants note that Plaintiff was required to file an appeal within fifteen working days of the actions that he alleges occurred on November 8, 2005, *see* Cal Code Regs. tit. 15, § 3084.6(c), but failed to do so.  (Doc. #23 at 3:2-7.)  In support they submit the declarations of T. Billings, appeals coordinator at KVSP, and N. Grannis, Chief of the Inmate Appeals Branch.  (Doc. # 24, 25.)  In their declarations and accompanying exhibits, Billings and Grannis avow that there is no record of any appeal pertaining to the events of November 8, 2005 until almost two months had passed.  On January 6, 2006, the Inmate Appeals Branch (IAB), the third level of review, received a letter from Plaintiff.  (Doc. #25, ¶ 5-6.)  Because the appeal needed first to go through the lower levels of appeal, it was sent back to the appeal coordinator at KVSP where it was properly screened out as untimely.  (*Id.*, ¶ 7.)

Plaintiff does not challenge the accuracy of Defendants' evidence, but contends that his attempts to exhaust the administrative appeals were stymied by the actions of prison officials.  In his declaration, Plaintiff attests that he submitted some form of an appeal "on or about November 26, 2005," (Doc. #28, at 18 ¶ 5), which, he alleges, was either ignored by the appeals coordinator or destroyed by the prison guards, (*id.* at 19, ¶ 7).  Plaintiff states that, after waiting more than twenty-one days, he wrote the appeals coordinator to inquire about the delay.  (*Id.* at 19, ¶ 6.)  Plaintiff has not produced copies of either the original appeal or the follow up inquiry.  Eventually, Plaintiff sent what he claims was a "duplicate" or "re-written" copy of his appeal directly to the IAB as mentioned above.  (*Id.* at 3:5; *id.*, Ex. A at 30.)  After that appeal was screened out, Plaintiff filed this action.

/ / /

## IV.  Analysis

The undisputed declarations and exhibits Defendants have presented show that Plaintiff failed to properly exhaust his available administrative remedies. Yet Plaintiff argues that if he did fail to exhaust, then that fault lies with the prison officials (*id.* at 3, 5) and his nonexhaustion should be excused. The Ninth Circuit has not determined if courts may grant exceptions to PLRA's exhaustion requirement. *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008). Even if such exceptions exist, however, none of them apply here. To qualify for an exception, Plaintiff would need to have shown that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust, or that he was prevented from exhausting because procedures for processing grievances were not followed. *Id.* The only evidence Plaintiff offers that would support any of these propositions are the conclusory allegations of his own declaration.

In attempt to remedy this lack of evidence, Plaintiff offers a declaration by S. Stevenson. (*Id.* at 95-98.) Stevenson's declaration avows that in his role as chairman of the KVSP Inmate's Advisory Council he has heard many complaints that appeals are screened out unfairly by the local Inmate Appeals Office. (*Id.* at 96.) However, screened-out appeals are still listed on the IAB's computer records (Doc. #25, ¶ 9); thus, Stevenson's testimony has no relevance to Plaintiff's contention that he filed an appeal that is unlisted on those records.

Additionally, Defendants have raised various evidentiary objections to both Plaintiff's declaration and Stevenson's declaration. (Doc. #31.) For the purposes of this Order only, the Court considered this evidence, and will therefore overrule Defendants' objections. However, such ruling is not on the "merits" of the objections and does not suggest that the objections are not well-taken.

In resolving the disputed issue of fact arising from the conflicting affidavits, the Court finds Billings and Grannis' affidavits – that Plaintiff did not file a timely grievance – more persuasive than Plaintiff's self-serving affidavit – that he filed a timely grievance that the prison destroyed. In particular, the Court finds that Plaintiff's lack of documentary evidence

to support his affidavit lessens the reliability of his claims. To grant Plaintiff an exception to PLRA's demand for exhaustion based solely on Plaintiff's self-serving testimony that his grievance was surreptitiously destroyed by prison officials would completely undermine the rule. Accordingly, Plaintiff's complaint and this action must be dismissed, without prejudice, for failure to exhaust available administrative remedies.

**IV.  Conclusion**

IT IS ORDERED that the nine moving Defendants' motion to dismiss (Doc. #22) is GRANTED. The Court notes that one defendant, Reynoso, still has not been served. Yet even if Plaintiff could effect service on Reynoso, the exhaustion analysis as to the claims against Reynoso would be identical to the analysis here. As a result, this motion to dismiss is GRANTED as to all Defendants, including Reynoso, even though he was not one of the moving defendants.

IT IS FURTHER ORDERED that, for the purposes of this Order only, Defendants' objections to Plaintiff's evidence (Doc. #31) are OVERRULED and Defendants' motion to strike Plaintiff's declaration and Stevenson's declaration (*id.*) is DENIED as moot.

IT IS FURTHER ORDERED that, based on the foregoing, the Clerk of the Court shall enter judgment of DISMISSAL, without prejudice, in favor of all Defendants, and against Plaintiff.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of this Order to the Marshals, and that the Marshals need not proceed with serving the subpoenas forwarded to them on September 10, 2009.

DATED this 15th day of September, 2009.

James A. Teilborg
United States District Judge